OPINION *Page 2 
{¶ 1} Appellant Montie Lee Slagle, Sr. appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, which modified his child support obligation for his son, Montie. Appellee Ava Rose Mortine is the residential parent and child support obligee. The relevant facts leading to this appeal are as follows.
 {¶ 2} On April 8, 1992, the trial court issued a judgment entry establishing appellant as the natural and legal father of Montie Lee Slagle, Jr., born to appellee in 1991. At that time, appellant was ordered to pay child support for Montie of $35.00 per week (or $151.67 per month), plus processing fees.
 {¶ 3} On November 18, 2005, the Licking County Child Support Enforcement Agency ("LCCSEA") issued an administrative recommendation to raise appellant's child support obligation to $432.23 per month. On November 30, 2005, appellant requested an administrative hearing at the agency. An LCCSEA hearing officer conducted said hearing on December 14, 2005, resulting in an administrative order on December 21, 2005, which adjusted child support to $345.48 per month.
 {¶ 4} On January 25, 2006, appellant filed a request seeking a review of the administrative order by the Licking County Court of Common Pleas. The matter was heard by a magistrate on July 12, 2006. Appellant argued at that time that his income as a self-employed carpet layer was significantly less than the figure used by LCCSEA. The magistrate issued a decision on July 25, 2006, adopting the LCCSEA administrative order of $345.48 per month. *Page 3 
 {¶ 5} Appellant thereafter filed an objection to the decision of the magistrate. On October 13, 2006, the trial court issued an opinion overruling the objections. A final judgment entry adopting the decision of the magistrate was filed on December 14, 2006.
 {¶ 6} Appellant filed a notice of appeal on January 16, 2007. He herein raises the following sole Assignment of Error:
 {¶ 7} "I. THE TRIAL COURT ERRED IN IMPUTING INCOME TO THE PARTIES WHICH THEY DO NOT ACTUALLY EARN, WHICH RESULTED IN A HIGHLY INFLATED CHILD SUPPORT OBLIGATION WHICH WAS NOT SUPPORTED BY THE EVIDENCE OR THE LAW."
 I. {¶ 8} In his sole Assignment of Error, appellant argues the trial court erred in assessing the parties' income for the purpose of calculating his child support obligation.[1] We disagree.
 {¶ 9} In Booth v. Booth (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028, the Ohio Supreme Court determined that the abuse-of-discretion standard is the appropriate standard of review in matters concerning child support. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Furthermore, as an appellate court, we are not the trier of facts. Our role is to determine whether there is *Page 4 
relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, 1982 WL 2911. Accordingly, a judgment supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.
 {¶ 10} R.C. 3119.66 reads as follows: "If the obligor or the obligee requests a court hearing on the revised amount of child support calculated by the child support enforcement agency, the court shall schedule and conduct a hearing to determine whether the revised amount of child support is the appropriate amount and whether the amount of child support being paid under the court child support order should be revised."
 {¶ 11} The administrative hearing officer conducting the review in this case utilized a figure of $32,593 for appellant's income. The hearing officer clearly set forth that this figure was obtained from "the Occupational Outlook Handbook for carpet installers." Hearing Report at 3. This imputed figure was accepted by the magistrate. See Magistrate's Decision at 4. However, appellant testified before the magistrate that while he has experience as a carpet installer, after he acquired a felony record, it became difficult to obtain jobs in that field. Tr. at 15. In 1998, he decided to start his own carpet installing business. Tr. at 16. He asserted that the company did not turn a profit in 2002, 2003, 2004 and 2005. Tr. at 16-17. Appellant provided a letter from his chiropractor stating that he has back conditions which limit his ability to bend and lift for long periods. Exhibit H. *Page 5 
 {¶ 12} The mandatory child-support worksheet, found in R.C. 3119.022
and 3119.023, includes space for the assessment of each parent's income, which is defined, for a parent who is unemployed or underemployed, as "the sum of the gross income of the parent and any potential income of the parent." R.C. 3119.01(C)(5)(b). Included in the definition of "potential income" is "imputed" income as determined by a court or child support enforcement agency. R.C. 3119.01(C)(11).
 {¶ 13} We note that appellant does presently argue that "[r]ather than apply figures taken from the Occupational Handbook, the actual circumstances of the parties must be considered." Appellant's Brief at 9. A review of appellant's objection to the magistrate's decision reveals that he claimed the evidence of his living conditions, criminal record, and medical history weighed against imputing income; however, he made no specific challenge to the use of an occupational handbook to gage a market value for the income of a carpet installer. Pursuant to Civ.R. 53, the objections to a magistrate's decision must be specific.North v. Murphy (March 9, 2001), Tuscarawas App. No. 2000AP050044. Furthermore, Civ.R. 53(D)(3)(b)(iv) provides that" * * * a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion * * *." See, e.g., Stamatakis v. Robinson (January 27, 1997), Stark App. No. 1996CA00303. We are unable to find an abuse of discretion in the trial court's utilization of imputed income for the calculation of child support under the circumstances of this case.
 {¶ 14} We thus turn to the remaining issue, namely, whether appellant's Schedule C expenses were sufficiently documented. The record reveals that appellant failed to provide the court with complete tax returns; he instead brought just two years' *Page 6 
Schedule C copies. Cf. R.C. 3119.60(C)(1)(a). The trial court, in its opinion of October 13, 2006, expressed: "It is difficult to accept the defendant's objections when the required documentation to support those assertions is not supplied by the defendant." Id. at 1. Nonetheless, we hold that once a court in this situation accepts that an obligor is underemployed and should be imputed an income based on what he could be earning, the veracity of his claimed Schedule C expenses becomes immaterial, as the worksheet does not make provision for such expenses to be deducted from "potential income."
 {¶ 15} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is hereby affirmed.
 Gwin, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Licking County, Ohio, is affirmed.
Costs to appellant.
[1] Although appellant challenges the figures utilized for both parties' incomes, we will herein focus on appellant's side of the support worksheet. Appellant does not make clear whether making adjustments to appellee's imputed income of $20,800, alone, would have significantly changed the final support obligation. *Page 1